## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

JL POWELL CLOTHING LLC and ) 
JL POWELL LLC, )
                      )
           Plaintiffs, )
v. )
                      )
JOSHUA L. POWELL, )   Civil No. 2:13-CV-00160-NT
*Individually and doing business as* )
THE FIELD, *doing business as* )
FIELD OUTFITTING, *doing business* )
*as* FIELD OUTFITTING COMPANY, )
                      )
           Defendant. )

## ORDER ON PLAINTIFFS' MOTION TO DISMISS

Before the Court is the Plaintiffs' motion, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the Defendant's six counterclaims for failure to state a claim for which relief may be granted. For the reasons stated below, the Court **GRANTS** in part and **DENIES** in part the motion.

## I.    Factual and Procedural Background[1]

On April 25, 2013, JL Powell Clothing LLC filed a complaint and motion for temporary restraining order and preliminary injunction, later amended and joined by JL Powell LLC (hereafter, together, the "**Plaintiffs**") against Powell, alleging trademark infringement and breach of contract claims arising out of Powell's use of

---

[1]      The names in this case are confusingly similar. The Court will refer to the Plaintiffs by their full names: JL Powell Clothing LLC and JL Powell LLC. The Defendant, Joshua L. Powell, will be referred to as "Powell." Powell's former company, JL Powell Inc. will be referred to as JLP. The catalog – once distributed by JLP and now distributed by JL Powell Clothing LLC – will be referred to as "J.L. Powell."

his name and signature in a menswear catalog—The Field—that Powell created after leaving his former, eponymous menswear catalog, J.L. Powell. Powell claims that, on July 11, 2013, he sent a letter to JL Powell LLC terminating the "license and restrictions" set forth in Section 7.1(b) of the Contribution Agreement, but that, notwithstanding this termination, the Plaintiffs placed a personal message attributed to Powell in the Fall 2013 J.L. Powell catalog. *See* Def's Answer, Ex. E (ECF No. 63-5) (image of Fall 2013 catalog page).

On August 30, 2013, Powell filed an answer to the amended complaint and brought six counterclaims. Def.'s Answer to First Am. Compl., Affirmative Defenses, and Counterclaims ("**Def.'s Answer**") (ECF No. 63). Count I alleges that JL Powell LLC breached the parties' Contribution Agreement by assigning rights under Section 7.1(b) of that contract to JL Powell Clothing LLC without the consent of Powell's company, J.L. Powell Inc. ("**JLP**"). Count II alleges a breach of the covenant of good faith and fair dealing implied in Powell's employment and separation agreements with JL Powell LLC. Count III seeks a declaratory judgment that Section 7.1(b) of the Contribution Agreement was superseded, repudiated, or terminated and that he is therefore free to use his name and endorsement in connection with his new business venture.

Count IV alleges false association and unfair competition in violation of the Lanham Act, 11 U.S.C. 1125(a) arising out of JL Powell Clothing LLC's use of Powell's "J.L. Powell" signature in its Fall 2013 catalog. Counterclaim Counts V and VI assert claims for misappropriation of the right of publicity and false light in the

public eye under Michigan law on the same facts. Counterclaim Count VI requests that the Court enjoin JL Powell Clothing LLC from further use of Powell's name or endorsement on the theory that JL Powell Clothing LLC's use is unauthorized and has created a false association and unfair competition, misappropriated Powell's publicity rights, and cast Powell in a false light in the public eye.

The Plaintiffs have moved to dismiss the counterclaims on the basis that Powell cannot rescind his sale of the exclusive right to the commercial use of his name and endorsement and that the Fall 2013 J.L. Powell catalog contains no personal message attributed to Powell. The Court refers the reader to the Court's order on the parties' cross-motions for preliminary injunction, issued the same day as this order, for a more comprehensive statement of the facts.

## I.    Motion to Dismiss Standard

A motion to dismiss under Rule 12(b)(6) tests whether a plaintiff has alleged sufficient non-conclusory, non-speculative facts that "plausibly narrate a claim for relief." *Schatz v. Republican State Leadership Comm.,* 669 F.3d 50, 55 (1st Cir. 2012); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

### A.  Count I: Breach of Contract (Against JL Powell LLC)

Powell alleges that, after he separated from JL Powell LLC, JL Powell LLC attempted to assign its rights under paragraph 7.1(b) of the Contribution Agreement to another company without his consent or the consent of his company, JLP. Powell claims that this attempted assignment was a material breach of Section 12.8 of the Contribution Agreement which: (1) allows Powell to terminate

Section 7.1(b) the contract, and (2) makes any subsequent use by the Plaintiffs of Powell's name and endorsement unauthorized and subject to injunctive relief.

These allegations state a plausible claim. There may be circumstances under which one party's wrongful attempt to assign non-assignable rights and covenants constitutes a material breach of a contract justifying non-performance or repudiation of the contract by the other party. Under Delaware law, "[a] party is excused from performance under a contract if the other party is in material breach thereof." *BioLife Solutions, Inc. v. Endocare, Inc.*, 838 A.2d 268, 278 (Del. Ch. 2003). For this reason, the Plaintiffs' motion to dismiss Counterclaim Count I is denied.

### B. Count II: Breach of the Covenant of Good Faith and Fair Dealing (Against JL Powell LLC and JL Powell Clothing LLC)

Powell claims that any interpretation of Section 7.1(b) of the Contribution Agreement that concludes that he forever conveyed to JL Powell LLC the exclusive right to his name and endorsement frustrates the bargain he struck with JL Powell LLC in his employment and separation agreements. These agreements included a non-compete provision which barred Powell from competing with JL Powell LLC for one year following his separation from the company. Powell contends that the Plaintiffs breached the covenant of good faith and fair dealing implied in these agreements by insisting that—in spite of the one-year limitation on his non-compete—he is still and forever more barred from using his name and endorsement in connection with his new business.

The implied covenant of good faith and fair dealing attaches to every contract. *Dunlap v. State Farm Fire & Cas. Co.*, 878 A.2d 434, 442 (Del. 2005). "The covenant is 'best understood as a way of implying terms in the agreement,' whether employed to analyze unanticipated developments or to fill gaps in the contract's provisions." *Id.* (quoting *E.I. DuPont de Nemours & Co. v. Pressman,* 679 A.2d 436, 443 (Del. 1996) (other internal citations omitted)). "Existing contract terms control, however, such that implied good faith cannot be used to circumvent the parties' bargain . . . ." *Id.* (internal citations omitted.)

Powell attached to his Counterclaim his April 2, 2012 separation agreement and his March 10, 2010 and November 1, 2011 employment agreements. He also incorporated the Contribution Agreement by reference into his Counterclaim. Accordingly, the Court reviews these documents on the Plaintiffs' motion to dismiss. *See Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001) ("When the complaint relies upon a document, whose authenticity is not challenged, such a document 'merges into the pleadings' and the court may properly consider it under a Rule 12(b)(6) motion to dismiss." (quoting *Beddall v. State St. Bank & Trust Co.,* 137 F.3d 12, 17 (1st Cir. 1998))).

These documents together unambiguously demonstrate that the parties anticipated Powell's return to the business of selling men's clothing following the expiration of his non-compete term. Specifically, Section 7.1(b) of the Contribution Agreement governs these matters, and bars Powell from using his name and

endorsement in any business competitive with JL Powell LLC or its affiliates.[2]
Thus, there is no missing term for the covenant of good faith and fair dealing to
supply. This is especially so where the terms Powell wants to imply are a right to
resume the commercial use of his name and endorsement to promote another high
end men's clothing catalog and a right to prohibit such use by JL Powell LLC—
terms which directly conflict with Section 7.1(b).

Powell's claim that enforcement of Section 7.1(b) renders the non-compete
clauses in his employment agreements superfluous also fails as a matter of law. The
non-compete clauses state that for one year following termination of Powell's
employment "the Executive [Powell] shall not enter into Direct Competition with
the Company." November 1, 2011 Employment Agreement § 5 (ECF No. 63-2).
"Direct Competition" is defined to include engaging in "the direct-to-consumer
business of selling of men's apparel to customers via catalog or internet," not only in
his own business but as a consultant or employee of another business. *Id.* These
terms contemplate that Powell has skills and knowledge apart from his name which
would be of use to other men's clothing catalog companies. The non-compete clause
prohibits Powell from engaging in any work for a business that competes directly
with JL Powell LLC, not simply from using his name in connection with a
competing business. Thus, it has a broader scope than Section 7.1(b) and is not

---

[2]  Powell claims that Section 7.1(b) is either a contract for personal services or a license that he
may terminate at any time, and that he did terminate Section 7.1(b) in July of 2013. He also claims
that Section 7.1(b) cannot forever transfer the right to use his name and endorsement because this
would constitute involuntary servitude in violation of the Thirteenth Amendment. These arguments
are not material to Powell's claim for breach of the covenant of good faith and fair dealing, but they
are addressed in the Court's order on the parties' cross-motions for preliminary injunction. Order
(ECF No.80).

superfluous. For these reasons, Count II of the Counterclaim fails to state a claim for which relief may be granted and must be dismissed.

### C. Count III: Declaratory Judgment

In Count III, Powell requests a declaration that Section 7.1(b) of the Contribution Agreement was either superseded by Powell's employment and separation agreements, repudiated and terminated by JL Powell LLC when that entity attempted without JLP's consent to assign it to JL Powell Clothing LLC, or terminated by a letter Powell sent to JL Powell LLC on July 11, 2013. On this basis, Powell requests a declaration that the Plaintiffs have no right to preclude him from using his name and endorsement in connection with his new business.

The Plaintiffs' argument in favor of dismissal—that Powell cannot unilaterally take back that which he sold in the Contribution Agreement—fails to address all of the grounds asserted by Powell for declaratory judgment, and asks the Court to make determinations that go beyond the allegations in the counterclaim. For these reasons, the Plaintiffs have failed to explain how Count III fails to state a claim for which relief may be granted, and the Court denies the motion to dismiss this count.

### D. Counterclaim Counts IV, V & VI -- False Association and Unfair Competition, Misappropriation of Publicity Rights, and False Light (Against JL Powell Clothing LLC)

Under Counts IV, V, and VI, Powell asserts claims against JL Powell Clothing LLC for false association and unfair competition under 15 U.S.C. §

1125(a),[3] and for misappropriation of publicity rights and false light under Michigan law.[4] These claims arise out of JL Powell Clothing LLC's alleged attribution of a personal message to Powell in the Fall 2013 J.L. Powell catalog.

The Plaintiffs move to dismiss these claims, contending that they did not attribute a personal message to Powell anywhere in the Fall 2013 catalog. The Court disagrees. These counts on their face set forth a plausible claim that the Plaintiffs attributed a personal message to Powell. Powell likewise plausibly claims that the message so attributed is inconsistent with his image and is thus highly offensive. For these reasons, the Plaintiffs' motion to dismiss these counts is denied.

## CONCLUSION

For the above-mentioned reasons, the Plaintiffs' motion to dismiss the Defendant's counterclaims is **GRANTED IN PART** and **DENIED IN PART**.

---

[3]     15 U.S.C. § 1125(a) creates liability for those who "in connection with any goods . . . [use] in commerce . . . any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which . . . is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person . . . ."

[4]     A defendant is liable for misappropriation of publicity rights if he appropriates the plaintiff's name or likeness for a predominantly commercial purpose. *Battaglieri v. Mackinac Ctr. For Pub. Policy*, 680 N.W.2d 915, 919-20 (Mich. App. 2004). A defendant is liable for placing the plaintiff in a false light for generating publicity which places the plaintiff in a false light in the public eye. *Id.* at 919. To be actionable, the publicity need not be defamatory, but the plaintiff must be subjected to "unreasonable and highly objectionable publicity that attributed to him characteristics, conduct or beliefs that were false . . . ." *Sawabini v. Desenberg*, 372 N.W.2d 559, 564 (Mich. App. 1985) (citing *Restatement (Second) of Torts* § 652 E cmt b).

Count II of the Counterclaim is **DISMISSED**. Counts I, III, IV, V, and VI survive dismissal.

**SO ORDERED.**

Dated this 30th day of January, 2014.

/s/ Nancy Torresen
United States District Judge