UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| JL POWELL CLOTHING LLC, and <br> JL POWELL LLC, <br>                 Plaintiffs <br>         v. <br> JOSHUA L. POWELL, individually and <br> d/b/a/ THE FIELD, d/b/a FIELD OUTING, <br> d/b/a  FIELD OUTFITTING COMPANY <br>                 Defendants | Docket No. 2:13-cv-00160-NT |

**PLAINTIFFS' PRE-HEARING MEMORANDUM ON SCOPE OF THE PRELIMINARY INJUNCTION**

Plaintiffs submit this memorandum regarding scope and language of the preliminary injunction following the Court's Order on Remand (ECF No. 99) addressing the irreparable harm component and pursuant to the Court's directive for a pre-hearing position paper (ECF No. 101).

The preliminary injunction ordered by the Court on January 30, 2014 provides as follows:

> The Defendant is hereby **PRELIMINARILY ENJOINED** from using his name or endorsement in connection with his business venture The Field, and is directed to instruct other persons or entities using his name or endorsement in connection with the Field to cease any such use.

Order of January 30, 2014 at 39 (ECF No. 80). On interlocutory appeal of the preliminary injunction, Defendant Powell argued for the first time that the phrase "in connection with" is overbroad because it "precludes him from such things as

daily ordinary use of his name." *JL Powell Clothing LLC v. Powell*, 2014 WL 5410287, at *8 (1st Cir. June 9, 2014).   Now that this Court has made findings of irreparable harm, the First Circuit has directed the Court "to hear the parties' arguments and tailor the injunction (if required) to meet Joshua's legitimate concerns." *Id.*

**Where the Parties Agree and Disagree on Scope Language for the Preliminary Injunction**

The Plaintiffs do not seek to preclude Defendant Powell from "daily ordinary use of his name" and have so communicated to Defendant's counsel.  As it turns out, apparently that is not the Defendant's actual concern, for the Defendant has not identified any particular daily use that he would like to have exempted from the preliminary injunction.   Rather, as Defendant's counsel announced over the speaker phone during the chambers' conference on October 30, 2014, the Defendant wishes to use his name and endorsement to "market" his business venture, The Field.    The Defendant apparently will only agree not to use his name in The Field catalog or on The Field commercial website.   Plaintiffs do not object to Mr. Powell's "daily ordinary use of his name," but do seek to preclude *public* use of Mr. Powell's name or name and endorsement, because such use is likely to "attract public attention" to The Field or to Mr. Powell's association therewith, with a resulting likelihood of customer confusion.

**Proposed Language for a Revised Preliminary Injunction**

In order to distinguish "daily ordinary use" (permitted) from public use (not permitted), Plaintiffs propose the following language for a revised preliminary injunction:

The Defendant, Joshua L. Powell, is hereby PRELIMINARILY ENJOINED from using his name on any building signage for or in any media publications of his business venture, The Field, sometimes known as The Field Outfitting or The Field Outfitting Company, now existing or hereafter published, including without limitation The Field's print and digital catalogs, commercial website at www.thefieldoutfitting.com, and social media sites such as Twitter, Facebook, and LinkedIn.   The Defendant is further PRELIMINARILY ENJOINED from using, or permitting any other person or entity to use, his name or name and endorsement to publicize, advertise, market, publicly describe, or otherwise promote his business venture The Field or his association therewith.

December 15, 2014.                                                            Respectfully submitted,

MURRAY, PLUMB & MURRAY                                 /s/Thomas C. Newman
75 Pearl Street, P.O. Box 9785                                    Thomas C. Newman
Portland, ME  04104-5085                                         *tnewman@mpmlaw.com*
(207) 773-5651                                                             Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

      I certify that on this date I filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing and serve a copy electronically on all parties of record.

Dated: December 15, 2014            /s/  Thomas C. Newman
                                                Thomas C. Newman
                                                *tnewman@mpmlaw.com*

MURRAY PLUMB & MURRAY
75 Pearl Street, P.O. Box 9785
Portland, ME 04104-5085
(207) 773-5651