# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| JL POWELL LLC and <br> JL POWELL CLOTHING LLC, <br><br> Plaintiffs, <br><br> v. <br><br> JOSHUA L. POWELL, *individually and doing business as* THE FIELD, *doing business as* THE FIELD OUTFITTING, *doing business as* THE FIELD OUTFITTING COMPANY, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Docket No. 2:13-cv-160-NT <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER ON CONSENT MOTION FOR ENTRY OF STIPULATED FINAL JUDGMENT AND DECREE OF PERMANENT INJUNCTION

Before me is a Stipulation for Final Judgment and Decree of Permanent Injunction (ECF No. 124). The parties have litigated this matter for over two years, including through multiple preliminary injunction hearings, motions to dismiss, amended complaints and counterclaims, and an interlocutory appeal to the First Circuit. Both sides have been subject to my preliminary injunctive order since January of 2014.[1] The Defendant is presently proceeding *pro se*, but he is a sophisticated businessman who was represented by the law firm DLA Piper for nearly two years of litigation. The parties do not wish to contest this matter any further and have presented a stipulated final judgment that includes temporary and permanent

---

[1] *See* Order on Parties' Competing Mots. for Prelim. Inj. and on Def.'s Mot. to Supplement the Record (ECF No. 80); *see also* Order Revising Prelim. Inj. Relief (ECF No. 106).

injunctive relief. The parties have waived entry of findings of fact and conclusions of law and waived any right they may have to appeal. By the terms of the stipulated final judgment, each side has agreed to give something up.

The Plaintiffs have provided examples—from outside this circuit—in which district courts have entered final judgments that included permanent injunctive relief on the stipulation of private parties and in which the litigants have waived findings of fact, conclusions of law, and any right to appellate review.[2] I can envision cases in which I would decline to extend the court's equitable power to grant injunctive relief to private parties seeking to end litigation by consent. Here, however, where the litigation has been hard-fought on both sides, where there is not a great disparity in the bargaining power of the sides, where each party has decided to give something up in final judgment, and where both sides have expressed a desire to move on from this suit, I find it appropriate to enter the parties' stipulated judgment.

## CONCLUSION

For the reasons stated above, I **GRANT** the parties' Consent Motion for Entry of Stipulated Final Judgment and Decree of Permanent Injunction (ECF No. 125) and **ENTER** the Stipulation for Final Judgment and Decree of Permanent Injunction (ECF No. 124).

---

[2] *See* Consent Mot. for Entry of Stipulated Final J. and Decree of Permanent Inj. with Incorporated Mem. of Law (ECF No. 125) (citing *New York State Soc'y of Certified Pub. Accountants v. Eric Louis Ass'n, Inc.*, 79 F.Supp.2d 331, 333-38 (S.D.N.Y. 1999); *Sunbeam Corp. v. Payless Drugstores*, 147 F.Supp. 920, 921 (N.D. Ca. 1956)). The Plaintiffs also cite three tax-related enforcement actions brought by the United States pursuant to statutorily-granted enforcement power. I find those cases minimally helpful here, where neither party is invoking Congressionally-bestowed enforcement power.

SO ORDERED.

/s/ Nancy Torresen
United States Chief District Judge

Dated this 1st day of July, 2015.